UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. FLYNN, INC., et al. | ) | Case No. 4:07CV903 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | [Resolving Doc. #25] |
| GENERAL MOTORS ACCEPTANCE CORPORATION | ) | |
| | ) | ORDER |
| Defendant. | ) | |

This matter is before the Court upon a motion for reconsideration filed by Plaintiffs David A. Flynn, Inc. and David A. Flynn (collectively "Flynn") pursuant to Fed.R. Civ.P. 60(b). For the reasons stated herein, Flynn's motion is DENIED.

On May 23, 2008, this Court granted summary judgment in favor of Defendant General Motors Acceptance Corporation ("GMAC"). On June 18, 2008, Flynn moved this Court to reconsider its ruling.

Under Rule 60(b), the motion may be granted only for certain specified reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of

1

the judgment. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (quoting Fed.R. Civ.P. 60(b)).

In the motion, Flynn has not identified any subpart under Rule 60(b) that would support vacating this court's prior order. The Court presumes that Flynn's motion falls under the "any other reason justifying relief" prong of Rule 60(b). The Court has previously denied motions styled similarly to Flynn's motion.

> Defendant apparently seeks to remedy a clear legal error, or to prevent an obvious injustice. However, the movant asserts nothing new that was not already previously presented to the Court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir.1995) (a motion to reconsider should not be granted where the moving party seeks only to relitigate an issue already decided); *Torre v. Federated Mutual Insurance Co.*, 906 F.Supp. 616, 618 (D.Kan. 1995) ("A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected."), *aff'd*, 124 F.3d 218 (10th Cir. 1997) (table).

*Metro Hydroelectric Co., LLC v. Metro Parks*, Case No. 5:06CV1778, 2007 WL 582311, at *3 (N.D.Ohio Feb. 20, 2007). Flynn's motion does little more than rehash the arguments previously rejected by this Court.

In its motion, Flynn again asserts that Anita Bhama's testimony creates a genuine issue of fact. The Court soundly rejected this argument while quoting the specific testimony of Ms. Bhama that undermines Flynn's assertions. Nothing in Flynn's motion brings attention to any error by the Court. Instead, Flynn simply seeks to relitigate the same issue. The Court declines to do so.

Flynn also contends that this Court failed to consider notes produced from Attorney Stephen Garea because they were not authenticated. Flynn continues, noting that discovery was limited in this matter and that it was seeking to depose Garea at the time GMAC moved for

2

summary judgment. Flynn, however, has ignored the language of this Court's opinion. In finding that Garea's notes did not create an issue of fact, this Court noted as follows:

> Finally, a review of these notes does nothing more than establish that GMAC had a "belief" that odometer fraud had occurred. The Court finds this to be indistinguishable from GMAC's statements that it had "suspicions" that fraud had occurred.

Doc. 23 at 7. Accordingly, contrary to Flynn's assertions, this Court did consider the notes proffered by Flynn, despite their evidentiary inadequacies, and found that they did not create an issue of fact.

Flynn also appears to make the general argument that summary judgment was premature because further discovery was necessary. The Court finds no merit in this contention. Flynn was able to depose each of the relevant individuals employed by GMAC, the company he claimed made misleading or false statements. Those depositions revealed that GMAC did not have definitive evidence of odometer tampering and that its employees had provided accurate information to Flynn. No amount of discovery will alter that conclusion.

Flynn's motion to reconsider the Court's prior ruling is DENIED.


DATED: June 20, 2008             /s/ John R. Adams
                                 JUDGE JOHN R. ADAMS

3